UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                        ) | Criminal No. 18-10230-ADB |
| ) | |
| ) | |
| **JOSHUA MIRANDA**           ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The parties to this action have agreed to jointly recommend a sentence of 24 months. That is what the parties believed (and Probation has now confirmed) to be the low end of the advisory guideline sentencing range. The government believes that this is a reasonable sentence given the amount of drugs involved and the defendant's age (which holds out the hope that his prime offending days are past him). When combined with the required 6 years of supervised release, it also means Miranda will be under criminal justice supervision for eight years.

Another issue in this case is whether the sentence should be concurrent or consecutive to that to be imposed in Suffolk Superior Court Case No. 1784CR00901, described at paragraph 54 of the PSR. The government has agreed to leave this to the Court's discretion. The government merely notes that, on the one hand, the defendant already served 18 months for that underlying distribution on a Supervised Release Revocation and

1

that, on the other, those drugs would have factored into the guideline calculations had they not been charged in the state.

## PROPOSED JUDICIAL RECOMMENDATIONS

Any plan designed to give the defendant the maximum chance at positive life change must of course begin with the terms and conditions of his incarceration. E.g., United States v. Gautier, 590 F. Supp. 2d 214 (D. Mass. 2008) ("I have required Probation to devise a recommended plan for him, both as a recommendation for the Bureau of Prisons during the period of his incarceration and as a template for his supervised release afterwards. Studies suggest the significance on recidivism of a consistent plan, beginning in prison and extending into reentry. Laurie Robinson & Jeremy Travis, 12 Fed. S.R. 258 (2000)").  The government is requesting that the Court make the following recommendations to the Bureau of Prisons: (i) that the defendant be given any available treatment for his mental health issues; (ii) that the defendant be given any available vocational training (so that the defendant may have maximum marketable job skills when he is released); and, (iii) that the defendant be given any available substance abuse treatment.

## PROPOSED SUPERVISED RELEASE CONDITIONS

Given the foregoing, the government also recommends the

Court impose the following special conditions while the defendant is on Supervised Release:

**(1) Curfew**. Upon release, the defendant finds should be subject to a curfew for 6 months to be enforced by electronic monitoring. See, e.g., "Maximum Impact: Targeting Supervision on Higher Risk People, Places and Times," Pew Center for the States Public Policy Brief (March, 2009) (concluding that Probationers are "at the highest risk of re-arrest during the first few months on community supervision," that arrest rates after 15 months were substantially lower, and thus recommending that probation resources be "front end loaded" to achieve maximum effect). The government suggests that the curfew run from 9pm to 7am. The Probation Office should also have the power to relax the curfew for school or employment reasons.

**(2) Mental Health and Substance Abuse Treatment**. The Court should require that the defendant participate in mental health treatment (including without limitation any manualized cognitive behavioral treatment program) and substance abuse treatment as directed by Probation while on supervised release and that he be drug tested up to 104 times per year.

**(3) Associational and Geographic Restrictions**. It is customary in cases like this for the government to seek

Associational and Geographic Restrictions.  Here, the defendant has no consistent appearances in the area in which he committed the offenses of conviction and no Geographic Restriction is being sought.  The government has examined the defendant's historic BPD Incident Reports and FIO's and has identified individuals with whom the defendant has had documented contacts, and who have also been identified as being associated with the Cameron Street Gang and who have felony convictions, meaning that the defendant cannot associate with them without express permission from Probation.  The proposed Associational Restriction is attached as Exhibit 1.

**(4) Other Recommendations**.  Other recommended special conditions of Supervised Release include education/vocational training and that the defendant receive a judicial recommendation for RESTART.

                                      Respectfully submitted,

                                      ANDREW E. LELLING
                                      UNITED STATES ATTORNEY

                          By: /s/ John A. Wortmann, Jr.
                                JOHN A. WORTMANN, JR.
                                Assistant U.S. Attorney
                                One Courthouse Way
                                Boston, MA 02210
                                617-748-3100

**CERTIFICATE OF SERVICE**

    The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ John A. Wortmann, Jr.  6/24/19
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney
