UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 18-10230-ADB |
| JOSHUA MIRANDA, | |
| Defendant. | |

## SENTENCING MEMORANDUM OF DEFENDANT JOSHUA MIRANDA

Defendant Joshua Miranda requests that the Court adopt the parties' joint sentencing recommendation of 24 months incarceration, followed by six years of supervised release with special conditions designed to minimize Mr. Miranda's chance of recidivism and maximize his rehabilitation.  Specifically, Mr. Miranda requests that the Court impose the following special conditions on the supervised release component of his sentence: (i) that he not associate with the individuals designated on the Government's "Associational Restrictions" list; (ii) counseling for mental health issues at the direction of Probation; (iii) enrollment in drug rehabilitation programs at the direction of Probation; (iv) involvement in the C.A.R.E. and R.E.S.T.A.R.T. programs as directed by the Court and Probation; (v) random drug testing up to 104 times per year as determined by Probation.[1]

The jointly recommended sentence is within the applicable guideline sentencing range.  *See* PSR at 7-8.  The recommended sentence, including the jointly recommended special

---

[1] The government also recommends each of these conditions.  In addition, the government recommends that the first six months of Mr. Miranda's supervised release be served with a curfew and required GPS monitoring.  Mr. Miranda does not believe these additional conditions are necessary because by the time Mr. Miranda goes on supervised release, he will have served over three consecutive years in prison, and will likely have served the final portion of his Bureau of Prisons sentence in a halfway house with a curfew.

conditions of the supervised release component of the sentence, would also be sufficient but not greater than necessary to comply with purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

Mr. Miranda is a smart young man with a world of potential.  Unfortunately, to date, a combination of poor choices and drug abuse have conspired to undermine his potential.  He is committed to turning his life around.  He has spent five of the last six years, including the last two years in prison.  He recognizes that with the jointly recommended sentence, including credit for time served, he will serve more than an additional year behind bars, and then another six years under the watchful eye of Probation.  There is no need for a longer sentence.  He has genuinely accepted responsibility for his crimes, and, as he will make clear to the Court, he has learned from his past errors, is looking ahead, and planning for a productive future.

He embraces the prospect of counseling and drug abuse treatment, and hopes to participate in both the C.A.R.E. and the R.E.S.A.R.T. programs while serving his term of supervised release.  When he gets out of prison he is planning to obtain temporary jobs as an inventory management associate at Retail Grocery Inventory Services, and as an employee in the laundry room at a Holiday Inn, while working toward doing what is necessary to obtain a union job in the construction trades.

In addition, Mr. Miranda will have family support in his efforts to lead a productive life. His sister, an accomplished corporate attorney at Skadden Arps in Boston, his girlfriend, a straight A student attending University of Massachusetts, and his mother, have supported Mr. Miranda emotionally and/or financially, throughout his recent incarceration, and will continue to support him upon release.  His sister will provide him with a room of his own at her home (already approved by Probation), and, along with Mr. Miranda's girlfriend and his mother, she will continue to encourage him to steer clear of drugs, and to use his intelligence to become a

productive, law-abiding member of the community.  With his own renewed desire to stay out of prison and contribute productively to society, the guidance and structure provided by Probation, and the support of his family and girlfriend, Mr. Miranda, who is already in his late 20s, is confident that he will succeed in avoiding prison ever again.  We ask that he be given the chance. Any sentence that is longer than the one jointly recommended by the parties is unnecessary.

We further urge the Court not to order that Mr. Miranda's sentence run consecutively with the sentence he is anticipated to receive on his pending state charges.  There are at least three reasons why the sentence imposed by this Court should run concurrent, and not consecutive, with Mr. Miranda's anticipated sentence on his pending state charges.  First, Mr. Miranda has already served 18 months in federal custody on probation revocation for the exact same charges now pending against him in state court, *i.e.*, his sentence in this case will be consecutive to the sentence he already served for the state charges, and it would be unfair and unnecessary for him to receive a second consecutive sentence on top of the one he is already going to receive.  Second, the Sentencing Guidelines specifically recommend that the sentence here shall be imposed to run concurrently to any anticipated state sentence.  U.S.S.G, § 5G1.3(c). Third, Mr. Miranda has tentatively agreed to plead guilty to his pending state charges in reliance on an agreement that his state sentence will run concurrent with, and not exceed, whatever sentence this Court imposes in this case.  To sentence Mr. Miranda to a term of incarceration to run consecutively with his anticipated state sentence would undercut and potentially undo his tentative state court plea agreement, and require an unnecessary expenditure of state prosecutorial and court resources.

In short, Mr. Miranda pled guilty to his federal charges, and agreed to the jointly recommended sentence, and has tentatively agreed to plead guilty to his related state charges, as

a means of globally putting his past behind him, and starting afresh after serving what both

federal and state prosecutors regard as a sentence that meets all the goals of sentencing, including

just punishment, general and specific deterrence, protection of the public, and rehabilitation.  We

ask that the Court adhere to the reasoned judgment of the parties and the state prosecutor, and

impose the jointly recommended sentence with an order that it run concurrent with any state

sentence Mr. Miranda may receive.  As noted, the recommended sentence is sufficient, but not

greater than necessary, to comply with all the purposes of sentencing set forth in § 3553(a)(2).

Respectfully submitted,

JOSHUA MIRANDA

By his attorneys,

/s/ Kate E. MacLeman
David J. Apfel (BBO# 5511539)
Kate E. MacLeman (BBO# 684962)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
Fax.: +1 617 523 1231

Dated:  July 15, 2019

Case 1:18-cr-10230-ADB   Document 32   Filed 07/15/19   Page 5 of 5

## <u>CERTIFICATE OF SERVICE</u>

I, Kate E. MacLeman, hereby certify that I have this day, July 15, 2019, served the above Sentencing Memorandum of Defendant Joshua Miranda by ECF on counsel for the United States.

/s/ Kate E. MacLeman
Kate E. MacLeman (BBO #684962)